UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CARL BURSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>    Defendant. | Case No. 15-cv-04991-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 15, 21 |

Plaintiff Nathan Carl Burson moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which denied Plaintiff's applications for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and 1381 et seq. The Commissioner cross-moves to affirm. The sole issue presented on appeal is whether the Administrative Law Judge ("ALJ") erred by failing to account for a mental limitation found by Dr. Bailey, a reviewing physician. Plaintiff does not challenge the ALJ's weighing of any other medical opinions in the record and does not challenge any other aspect of the ALJ's opinion. For the reasons stated below, the court grants Plaintiff's motion and denies the Commissioner's motion.

## I.   PROCEDURAL HISTORY

Plaintiff is currently 56 years old. Administrative Record ("A.R.") 168. He has a GED and worked as a roofer for 25 years. A.R. 41, 42. He filed applications for Social Security Disability Insurance (SSDI) benefits and supplemental security income (SSI) benefits on March

---

[1] On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1    14, 2012, alleging disability commencing March 1, 2011.  A.R. 166-181.  His applications were

2    denied initially on July 30, 2012 and again on reconsideration on February 1, 2013.  A.R. 107-112,

3    115-120.  Plaintiff filed a request for a hearing before an ALJ on April 2, 2013, and ALJ David

4    Mazzi conducted a hearing on April 16, 2014.  A.R. 33-47, 121-23.

5    After the hearing, the ALJ issued a decision finding Plaintiff not disabled.  A.R. 14-27.

6    The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease

7    of the lumbar spine and thoracic spine; bilateral carpal tunnel syndrome, obesity, depression,

8    anxiety, and polysubstance abuse.  A.R. 16.  The ALJ found that Plaintiff retains the residual

9    functional capacity (RFC) to perform

> light work, as defined in 20 CFR [§§] 404.1567(b)[2] and 416.967(b), with restrictions as follow[s]: the claimant can occasionally climb; the claimant can frequently balance; and the claimant can occasionally stoop, kneel, crouch, and crawl.  He is able to sustain simple, repetitive tasks equating to unskilled work.

A.R. 18.  The ALJ concluded that Medical-Vocational Guideline Rule 202.14 directed a finding of non-disability and found Plaintiff not disabled.[3]  A.R. 27.

The Appeals Council denied Plaintiff's request for review on September 3, 2015.  A.R. 4-7.  The ALJ's decision therefore became the Commissioner's final decision.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).  Plaintiff then filed suit in this court pursuant to 42 U.S.C. § 405(g).

## II.   THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[4]

---

[2] Social Security regulations define "light work" as follows: "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b); *see also* 20 C.F.R. § 416.967(b).

[3] The Medical–Vocational Guidelines are a matrix system for handling claims that involve substantially uniform levels of impairment.  *See* 20 C.F.R. Part 404, Subpt. P, App. 2.  They are commonly referred to as "the grids."

[4] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

2

and that is expected to result in death or to last for a continuous period of at least twelve months. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20C.F.R. §§ 404.1520, 416.920. The steps are as follows:

1. At the first step, the ALJ considers the claimant's work activity, if any. If the claimant is doing substantial gainful activity, the ALJ will find that the claimant is not disabled.

2. At the second step, the ALJ considers the medical severity of the claimant's impairment(s). If the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 416.909, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find that the claimant is not disabled.

3. At the third step, the ALJ also considers the medical severity of the claimant's impairment(s). If the claimant has an impairment(s) that meets or equals one of the listings in 20 C.F.R., Pt. 404, Subpt. P, App. 1 [the "Listings"] and meets the duration requirement, the ALJ will find that the claimant is disabled.

4. At the fourth step, the ALJ considers an assessment of the claimant's residual functional capacity ("RFC") and the claimant's past relevant work. If the claimant can still do his or her past relevant work, the ALJ will find that the claimant is not disabled.

5. At the fifth and last step, the ALJ considers the assessment of the claimant's RFC and age, education, and work experience to see if the claimant can make an adjustment to other work. If the claimant can make an adjustment to other work, the ALJ will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled.

20 C.F.R. § 416.920(a)(4); 20 C.F.R. §§ 404.1520; *Tackett*, 180 F.3d at 1098-99.

## III. RELEVANT MEDICAL EVIDENCE

The court confines its review of the medical evidence to the two reviewing physicians whose opinions are at issue here. On July 23, 2012, reviewing physician F. Mateus, M.D. completed a mental residual functional capacity assessment. A.R. 57-59 (duplicate at A.R. 71-73). Dr. Mateus determined that Plaintiff has "sustained concentration and persistence limitations," but that he is "not significantly limited" in his ability to carry out either very short and simple instructions or detailed instructions. A.R. 57. According to Dr. Mateus, "[Plaintiff] retains [the] ability to sustain simple and detailed but not complex tasks with minimal contact with people. [T]asks should be within his physical tolerance." A.R. 59.

Reviewing physician Stephen Bailey, Ed.D., completed a mental residual functional capacity assessment on January 31, 2013. A.R. 86-88 (duplicate at A.R. 99-101). Like Dr. Mateus, Dr. Bailey determined that although Plaintiff has sustained concentration and persistence limitations, he is "not significantly limited" in his ability to carry out either very short and simple instructions or detailed instructions. A.R. 86-87. Dr. Bailey opined that "[Plaintiff] can understand, remember and carry out basic 1 and 2 step work instructions," and that "[h]e can make decisions commensurate with the functions of unskilled 1 and 2 step work, and adjust to changes in similar work place settings." A.R. 88. He also opined that Plaintiff "can work with and around others in a low social demand setting." A.R. 88.

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than apreponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not

4

affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

## V.   DISCUSSION

The sole issue presented on appeal is whether the ALJ erred by failing to account for Dr. Bailey's opinion that Plaintiff should be limited to jobs with "1 and 2 step work instructions." Plaintiff argues that the ALJ improperly merged Dr. Bailey's limitation into Dr. Mateus's opinion that Plaintiff should be limited to "simple, repetitive tasks." Plaintiff asserts that Dr. Bailey's limitation is more restrictive than the limitation found by Dr. Mateus.

Dr. Bailey opined that Plaintiff can "understand, remember and carry out basic 1 and 2 step work instructions," while Dr. Mateus opined that Plaintiff is able "to sustain simple and detailed but not complex tasks." *Compare* A.R. 59 with 88. The ALJ discussed Dr. Bailey's opinions together with Dr. Mateus's assessment, and stated that he "[gave] weight to the State agency psychologists' opinion that the claimant would be limited to work *requiring simple tasks*." A.R. 25 (emphasis added). He wrote that "the medical evidence is consistent with a finding that the claimant would be limited to performing simple tasks," and concluded, "I have considered these opinions in evaluating the claimant's residual functional capacity by limiting the claimant to simple, repetitive tasks." A.R. 25 (*see* A.R. 18 (RFC that Plaintiff "is able to sustain simple, repetitive tasks equating to unskilled work.")). Plaintiff argues that the ALJ incorrectly conflated Dr. Bailey's assessment that Plaintiff can perform one- and two-step instruction work with a limitation to "simple, repetitive tasks." Therefore, he argues, the ALJ erred by failing to incorporate Dr. Bailey's assessment into his RFC formulation or providing any reason to reject that assessment.

5

//

//

The ALJ did not expressly discount Dr. Bailey's opinion that Plaintiff is capable of performing one- and two-step instruction work.  Nevertheless, the ALJ did not include a limitation to such work in his formulation of Plaintiff's RFC.  Instead, he limited Plaintiff to "simple, repetitive tasks."  Ninth Circuit law makes clear that the two limitations are not equivalent.  In *Rounds v. Commissioner of Social Security Administration*, 807 F.3d 996, 1003 (9th Cir. 2015), the Ninth Circuit held that there is a conflict between an RFC that limits a claimant to one- and two-step instruction work, and an RFC that limits a claimant to "the demands of Level Two reasoning[5], which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions."  The Ninth Circuit described the plaintiff's limitation to "one to two step tasks" as not "merely" a restriction to "'simple' or 'repetitive' tasks," which some courts have held is consistent with Level Two reasoning.  *Id*. at 1004, n.6 (citations omitted).  In other words, a limitation to one- and two-step instruction work is more restrictive than a limitation to simple, repetitive tasks.

The court concludes that the ALJ erred with respect to Dr. Bailey's opinion.  To the extent that the ALJ accepted the opinion that Plaintiff is limited to one- and two-step instruction work, the ALJ's RFC assessment does not account for that limitation.  *See id*. at 1004.  To the extent that the ALJ *rejected* that portion of Dr. Bailey's opinion, he erred by failing to provide any reasons for doing so.  The Social Security Act tasks the ALJ with determining the credibility of medical testimony and resolving conflicting evidence and ambiguities.  *Reddick*, 157 F.3d at 722.  An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).  Here, the ALJ did not

---

[5] The Department of Labor's Dictionary of Occupational Titles ("DOT") describes the requirements for each listed occupation, including the necessary General Educational Development ('GED') levels; that is, 'aspects of education (formal and informal) . . . required of the worker for satisfactory job performance.'" Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) (citation omitted).  GED levels include "the reasoning ability required to perform the job, ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most)." *Id*.

1    articulate reasons for rejecting that portion of Dr. Bailey's opinion, as required by Social Security
2    regulations. SSR 96-8p, at *7, 1996 WL 374184 ("If the RFC assessment conflicts with an
3    opinion from a medical source, the adjudicator must explain why the opinion was not adopted");
4    20 C.F.R. § 404.1527(e)(2); *see also Dale v. Colvin*, 823 F.3d 941, 944-46 (9th Cir. 2016).

   In response, the Commissioner argues that even if the ALJ erred in determining Plaintiff's RFC, any such error is harmless. According to the Commissioner, even if the ALJ had limited Plaintiff to one- and two-step instruction work, Plaintiff would still be capable of performing work that exists in significant numbers in the national economy—namely, jobs classified as requiring Level One reasoning. The Commissioner identifies ten positions that she claims Plaintiff is capable of performing, including electrode cleaner, seed cutter, and street cleaner. Opp'n 4, n.1. This argument is not well-taken. At Step Five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" *Zavalin*, 778 F.3d at 845 (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). Here, the Commissioner offers no evidence that any of these positions "exist[] in substantial numbers in the national economy," or just as importantly, that Plaintiff is capable of performing any of them. The court declines to accept the Commissioner's unsupported assertions as a substitute for evidence satisfying her burden at Step Five.

   In sum, the court finds that the ALJ erred with respect to Dr. Bailey's opinion and that the error was not harmless. Accordingly, this matter is remanded for further proceedings consistent with this opinion.[6]

## VI.    CONCLUSION

   For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's motion for summary judgment is denied. The Commissioner's decision is

---

[6] The court notes that neither party explained any ramifications that the ALJ's error may have on his reliance on the Medical Vocational Guidelines, other than Plaintiff's conclusory (and unrebutted) statement that use of the grids was inapplicable given his mental impairments. *See* Mot. 7 (citing *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (holding that "[i]f the grids accurately and completely describe a claimant's impairments, an ALJ may apply the grids instead of taking testimony from a vocational expert," but "are sufficient only when a claimant suffers only from exertional limitations.")).

reversed and remanded for further proceedings.

**IT IS SO ORDERED.**

Dated: March 20, 2017



Donna M. Ryu
United States Magistrate Judge